**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARRIE TEAGER,  )<br>FORREST JOHNSON, and  )<br>RACHEL JOHNSON individually  )<br>and as next friend of Forrest Johnson  )<br>    )<br>Plaintiffs,  )<br>    )<br>    )<br>vs.  )<br>    )<br>MIRAMED REVENUE GROUP, LLC,  )<br>    )<br>Defendant.  ) | 11 CV 766<br><br>Judge Amy St. Eve<br><br>Magistrate Judge Morton Denlow |

**FIRST AMENDED COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiffs Carrie Teager, Forrest Johnson and Rachel Johnson, individually and as next friend of Forrest Johnson, bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Miramed Revenue Group, LLC. Plaintiffs allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry

1

out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District; and

   b. Defendant is located within this District.

## PARTIES

6. Plaintiff Carrie Teager is an individual who resides in the Northern District of Illinois.

7. Plaintiff Forrest Johnson is an individual who resides in the Northern District of Illinois.

8. Plaintiff Rachel Johnson is an individual who resides in the Northern District of Illinois.

9. Plaintiff Forrest Johnson is 92 years old. Rachel Johnson is responsible for conducting Forrest Johnson's personal affairs pursuant to a Power of Attorney. Any communications received by Forrest Johnson were also received and reviewed by Rachel Johnson as the person responsible for handling Forrest Johnson's personal affairs pursuant to a Power of Attorney.

10. Defendant Miramed Revenue Group, LLC is a limited liability company chartered under Illinois law with offices at 991 Oak Creek Drive, Lombard, IL 60148. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11. Miramed Revenue Group, LLC regularly uses the mails and telephone to collect consumer debts originally owed to others, primarily medical debts.

12. Miramed Revenue Group, LLC is a debt collector under the FDCPA.

13. Miramed Revenue Group, LLC is a collection agency under the ICAA.

## FACTS

14. For the last several years, Defendant has been attempting to collect from plaintiffs Carrie Teager and Forrest Johnson alleged debts incurred for personal, family or household purposes and not for business purposes.

15. On November 9, 2010 plaintiffs received the following message on a telephone voicemail used by Forrest Johnson, Rachel Johnson and Carrie Teager:

> Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number 866 910-2605. Again my number is 866 910-2605. Whoever returns this call, should refer to reference number 7712053. Again the reference number is 7712053. Thank you. Goodbye.

16. On November 10, 2010 plaintiffs received the following message on a telephone voicemail used by Forrest Johnson, Rachel Johnson and Carrie Teager:

> Hello. I'm calling about important personal business. Please call me back as soon as possible at the following number 866 910-2605. Again my number is 866 910-2605. Whoever returns this call, should refer to reference number 7712053. Again the reference number is 7712053. Thank you. Goodbye.

17. The calls displayed the caller ID "Pelletieri." Pelletieri & Associates is a predecessor organization to defendant.

18. The number 866-910-2605 is issued to defendant.

19. The calls did not identify the company calling or state that the calls were for debt collection purposes.

20. On information and belief, based on the identical nature of the two calls, defendant has a standard policy and practice of leaving telephone messages that do not identify the company calling or state that the call is for collection purposes.

## CLASS ALLEGATIONS

21. This action is brought on behalf of a class, consisting of (a) all persons (b) with telephone numbers in the 630 area code (c) on whose telephone equipment defendant left

voicemail or answering machine messages (d) that did not identify defendant or state that the call was for collection purposes (e) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

22. The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

23. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's calls violate the FDCPA or ICAA.

24. Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal and factual issues.

25. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of debt collection abuse claims and class actions.

26. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

### **COUNT I – FDCPA**

27. Plaintiffs incorporate paragraphs 1-25.

28. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Ramirez v. Apex Financial Mgmt., LLC,* 567 F.Supp.2d 1035 (N.D.Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporation Collection Servs*., 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719

4

(S.D.N.Y. Sept. 18, 2006).

29. The telephone messages violated 15 U.S.C. §§1692d(6) and 1692e(11), in that they did not identify the company placing the call and did not contain the e(11) warning. *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 593 (N.D.Ga. 1982); *Valencia v. Affiliated Group, Inc.,* 07-61381, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., Sept. 23, 2008).

30. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

31. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant for:

  (1) Statutory damages;

  (2) Attorney's fees, litigation expenses and costs of suit;

  (3) Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

32. Plaintiffs incorporate paragraphs 1-25.

33. Defendant violated the following provisions of 225 ILCS 425/9:

5

> **. . . (21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

34. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiffs request that the Court grant the following relief in favor of plaintiffs and the class and against defendant:

(1) Compensatory, nominal, and punitive damages;

(2) Costs.

(3) Such other and further relief as is appropriate.


/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

             /s/ Daniel A. Edelman
             Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

  I, Daniel A. Edelman, hereby certify that on May 10, 2011, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which sent notification via email to the following:

Renee L. Zipprich (rzipprich@dykema.com)
Amy R Jonker (ajonker@dykema.com)
Dykema Gossett, PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606

             /s/ Daniel A. Edelman
             Daniel A. Edelman